## STATE v. J. E. DEBNAM.

(Filed 13 March, 1929.)

**Municipal Corporations — Municipal Officers — Official Act for Private Pecuniary Advantage—Private Financial Gain Necessary to Offense.**

A member of the board of education of a county is not guilty under the provisions of C. S., 4390, for voting as such member for the purchase of school buses from a company selling them owned by his wife, and in which he had no pecuniary interest and for which he worked upon a salary, when the sale was made by other agents of the company upon a commission basis.

APPEAL by the State from *Nunn, J.,* at December Term, 1928, of GREENE.

The defendant was indicted for a breach of C. S., 4390, the material parts of which, the State admits in its brief, are as follows: "If any member of any board of education shall have any pecuniary interest, either directly or indirectly, proximately or remotely, in supplying any goods, wares or merchandise of any nature or kind, whatsoever, for any of said schools; or if any of such officers shall act as agent of any mer-

STATE *v.* DEBNAM.

chant or dealer for any article of merchandise, to be used by any of said schools, he shall be deemed guilty of a misdemeanor, etc."

The jury returned the following special verdict:

1. That the defendant is a member and chairman of the board of education of Greene County.

2. That the defendant is manager of the Debnam Motor Company.

3. That the Debnam Motor Company is owned solely and exclusively by Mrs. Birdie Debnam, wife of the defendant.

4. That the defendant has no pecuniary or financial interest in the Debnam Motor Company, but works for said Debnam Motor Company on a monthly salary just as do the other employees of said company.

5. That the Debnam Motor Company, through Ray Chestnutt and H. E. Thorne, working on commission, sold to the board of education several school trucks.

6. That the county vouchers for said school trucks were payable to said Chestnutt and Thorne, were by them endorsed to the Debnam Motor Company, and became the property of said company.

7. That at said time the Debnam Motor Company was selling Ford trucks.

Upon this special verdict the defendant was adjudged "not guilty," and the State excepted and appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*J. Paul Frizzelle for defendant.*

PER CURIAM. The material charge in the indictment is this: That the defendant unlawfully and wilfully, while acting in the capacity of a member of the county board of education, voted for and authorized the purchase of school trucks, etc., from the Debnam Motor Company, a partnership, in which the defendant owned a pecuniary and financial interest. It will be noted that there is no allegation or charge in the indictment that the defendant acted in the capacity of agent for the Debnam Motor Company. The special verdict expressly finds that the defendant has no pecuniary or financial interest in the motor company, but is an employee engaged at a monthly salary. It is perfectly evident that under these circumstances the defendant was properly held to be "not guilty" upon the bill of indictment. Judgment

Affirmed.